1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

MELVIN TAYLOR,

11

             Petitioner,

12

       v.

13

14

K. HOLLAND, Warden,

15

             Respondent.

16

_____

                   Case No. CV 15-8493 AG(JC)

                   ORDER SUMMARILY DISMISSING
                   PETITION FOR WRIT OF HABEAS
                   CORPUS

17

## I.  SUMMARY

18

On October 19, 2015, Melvin Taylor ("petitioner"), a state prisoner who is

19

proceeding *pro se*, signed a Petition for Writ of Habeas Corpus by a Person in

20

State Custody ("Petition") which was filed in the Eastern District of California and

21

subsequently transferred to the Central District of California.  Petitioner, who

22

pleaded guilty in Los Angeles County Superior Court and was sentenced on

23

February 9, 2015, challenges the judgment in such case based upon ineffective

24

assistance of counsel.  (Petition at 2-4).  It plainly appears from the face of the

25

Petition that the Petition is wholly unexhausted as petitioner's claim has not been

26

presented to or resolved by the California Supreme Court (Petition at 5-6), and

27

accordingly, that petitioner is not entitled to federal habeas relief on his claim at

28

this time.  As explained below, the Court must dismiss this action without

prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.   DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, petitioner affirmatively represents that he has not presented his instant claim to the California Supreme Court either by way of a

petition for review or a petition for writ of habeas corpus.  (Petition at 5-7).  Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claim.

Although it is clear that the California Supreme Court has not been presented with and has not addressed petitioner's claim, the exhaustion requirement may nonetheless be satisfied if petitioner's claim is clearly procedurally barred under state law.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).  In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claim procedurally barred under state law if he raised it in a habeas petition.  See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  However, this Court expresses no opinion regarding whether consideration of petitioner's claim might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claim.  See, e.g., Park, 202 F.3d at 1151-52.

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

///

///

///

**III.    ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: November 28, 2015

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:[1]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.